(Nos. 1723-1776, consolidated—

EDMUN SCHWEIZER, No. 1723, E. ALBERTINE WILLIAMS, No. 1776, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1935.*
*Rehearing denied May 14, 1935.*

M. A. BRENNAN; W. W. WHITMORE; WM. R. BACH AND L. EARL BACH, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On the night of January 13, 1930, Edmun Schweizer and Miss E. Albertine Williams were driving in the former's automobile between Bloomington and Saybrook, Illinois. The night was foggy and the pavement wet. Plaintiff Schweizer testified that several cars passed him and that he could see the tail lights for quite a distance after they went by. Approximately 17 miles east of Bloomington, at about 7:00 o'clock that evening he ran into the rear end of a snowplow then owned and being operated by the State of Illinois. There was snow and slush, and the snow plow had been used all day to clear the pavement for the use of the travelling public. It became broken so that it was necessary to stop where it then stood on the hard road. It was on its lawful side of the road, but was standing still at the time of the accident. According to the testimony, the stop would be characterized at law as an "Emergency Stop." The signal lanterns had burned out about 30 minutes before the accident, and the only lights were the head lights and the red rear light on the back of the cab. Plaintiff testified that he was approximately thirty feet from the snow plow when he first saw it; that he discovered afterwards that there was a tail light on the top of the cab of the snow plow and that the body of the plow extended six or eight feet back from the cab.

The father of Albertine Williams testified that he reached the scene of the accident shortly after it occurred; that the condition and position of the automobiles were the same as testified to by other witnesses; that he drove up behind the State truck, or snow plow, from the rear, the same as young Schweizer had done, and that he could see the tail light on the snow plow when about 20 rods distant from same, but that when he got closer the windshield visor of his own car cut off the view of the tail light because of the height of the latter from the ground.

Both Edmun Schweizer and E. Albertine Williams received injuries in the accident, of a serious nature. The former has filed his claim for moneys expended for medical care in the sum of Twenty-five Dollars, ($25.00); personal injuries, One Thousand Dollars ($1,000.00), automobile damage Four Hundred Seventy-five Dollars ($475.00) or a total of One Thousand Five Hundred Dollars ($1,500.00). Miss Wil-

liams has filed her claim for One Hundred Dollars ($100.00) hospital expense; Forty Dollars ($40.00) medical expense and One Thousand Eight Hundred Sixty Dollars ($1,860.00) for physical injuries, disfigurement, pain and suffering.

The record does not show that the proximate causes of the accident were from the negligent acts of the State or its employees, and that the plaintiff Schweizer was free of any contributory negligence. The snow plow was engaged in attempting to clear the road to make it safer for the traveling public. The breakdown constituted an "Emergency Stop." The pavement was snowy and wet, and the night was extremely foggy, requiring more than ordinary care on the part of anyone operating an automobile on the highway. Plaintiff Schweizer's statement that he did not see the tail light or the car until within thirty feet, indicates that he was not watching the roadway ahead with the degree of care which the conditions required, because the witness, Edgar J. Williams, father of the co-plaintiff, testified that he could see the tail light on the snow plow twenty rods before he reached it.

The Attorney General also contends that no award should be entered herein because of the rule, that the State is not liable for the negligence of its agents and employees unless there is a Statute making it liable. There being no such Statute in regard to the rule of *respondeat superior* as applied to this character of claim, no award can be allowed. The contention of the Attorney General is properly made. The State acts in its sovereign capacity and is not liable for the torts or negligence of its agents in the construction and maintenance of its hard road system.

*Derby* vs. *State,* 7 C. C. R. 145.

Claim denied. Case dimissed.

### OPINION ON PETITION FOR REHEARING.

*Per Curiam:*

This cause now again coming before the Court on Claimant's petition for rehearing and the court having reviewed the record and being fully advised in the premises finds that the petition for rehearing is without merit.

As stated in the original opinion the record discloses that the highway in question is one built and maintained by the State of Illinois. In the construction and maintenance of its

roads the State acts in a governmental capacity and in the exercise of such functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a Statute creating such liability. The General Assembly has never enacted a law making the State liable for damages arising as complained of in this case. This court does not consider that it has authority or power to make an award under the facts appearing herein. See

*Bucholz Admx., etc.* vs. *State,* 7 C. C. R. 241.

*Crabtree* vs. *State,* 7 C. C. R. 207.

THE PETITION FOR A REHEARING IS DENIED and the original opinion filed herein on March 12th is re-affirmed and the above case is dismissed.